# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: May 2, 2014)

```
* * * * * * * * * * * * *
RAITHE PACE,                    *    UNPUBLISHED
                                *    No. 13-1007V
        Petitioner,             *
                                *
v.                              *    Special Master Dorsey
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *    Fact Ruling; Sufficiency of the Evidence;
                                *    Location of Vaccination; Influenza ("Flu")
        Respondent.             *    Vaccine; Shoulder Injury
                                *
* * * * * * * * * * * * *
```

Maximillian J. Muller, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, D.C., for respondent.

## RULING REGARDING FINDING OF FACT[1]

On December 19, 2013, Raithe Pace ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program") in which she alleges that a trivalent influenza ("flu") vaccination she received on September 24, 2011 caused her to suffer from shoulder injuries. See Petition ("Pet.") at 1. Petitioner subsequently filed 8 medical record exhibits on January 3, 2014.

An initial status conference was held on March 6, 2014, during which respondent noted that the medical records are ambiguous as to whether petitioner received the influenza

---

[1] Because this published ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted ruling. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

vaccination in her left or right arm.  On March 31, 2014, petitioner filed a motion for finding of fact, based on the record as it now stands, regarding the location of her vaccination.  In the motion, petitioner cites to the places in the record at which the location of petitioner's flu shot is documented.  Respondent filed a response to petitioner's motion on April 16, 2014, deferring to the undersigned's factual finding regarding the location of vaccination.  This matter is now ripe for adjudication.

**Applicable Legal Standard**

Under the Vaccine Act, petitioner must first prove by a preponderance of the evidence that she "received a vaccine set forth in the Vaccine Injury Table." § 300aa-11(c)(1)(A).  The preponderance of the evidence standard means a fact is more likely than not.  Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010).

Although contemporaneous documentation of vaccination from a health care provider is the best evidence, its production is not an absolute requirement.  See Centmehaiey v. Sec'y of Health & Human Servs., 32 Fed. Cl. 612, 621 (1995) ("The lack of contemporaneous, documentary proof of a vaccination . . . does not necessarily bar recovery.").  Thus, special masters have found in favor of vaccine administration where contemporaneous documentation of vaccination is unavailable as long as other forms of evidence have provided preponderant evidence of vaccination administration.  For example, corroborative, though retrospective, medical notations have been found to provide preponderant evidence of vaccine administration.  See Wonish v. Sec'y of Health & Human Servs., No. 90-667V, 1991 WL 83959, at *4 (Cl. Ct. Spec. Mstr. May 6, 1991) (finding parental testimony "corroborated strongly by medical records [referring] back to the [vaccination]" to be sufficient to establish vaccine administration); Groht v. Sec'y of Health & Human Servs., No. 00-287V, 2006 WL 3342222, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2006) (finding a treating physician's note "4/30/97-Hep B. inj. # 1 (not given here) ([patient] wanted this to be charted)" to be sufficient proof of vaccination); Lamberti v. Sec'y of Health & Human Servs., No. 99-507V, 2007 WL 1772058, at *7 (Fed. Cl. Spec. Mstr. May, 31, 2007) (finding multiple medical record references to vaccine receipt to constitute preponderant evidence of administration).

**Determination**

The undersigned finds that petitioner has proven, by a preponderance of the evidence, that the influenza vaccination was administered in her left arm.  Petitioner has filed a contemporaneous "Influenza Vaccine Information & Consent" form which documents that petitioner was administered a flu vaccine on September 24, 2011.  Pet'r's Ex. A at 49.  This form is unclear as to whether petitioner was administered the vaccine on her left or her right side.  The administrator of the vaccine annotated the form as follows:



Id.

Thereafter, there is ample documentation of the fact that petitioner sought and received medical treatment, soon after the vaccination, for the injury she had sustained to her *left* arm. On October 7, 2011, petitioner presented to her primary care physician, Dr. Robert Detweiler, with a two-week history of constant "[left] arm pain." Pet'r's Ex. A at 26. On October 8, 2011, petitioner was seen at Lansdale Hospital with "pain left shoulder post flu shot," and "[i]nternal/ external frontal views of the left shoulder [were] obtained" via X-ray. Pet'r's Ex. A at 48; Ex. C at 2. On October 27, 2011, November 4, 2011, November 8, 2011, November 10, 2011, November 22, 2011, December 14, 2011, and December 21, 2011, petitioner presented to orthopedic specialists at the Upper Extremity Institute for diagnosis and treatment of the injury to her left shoulder. Pet'r's Ex. B at 2, 4, 8, 14, 16, 18, 28.

Moreover, both petitioner and petitioner's husband, who was present at the time of vaccination, have authored affidavits confirming that the flu shot was administered in petitioner's left arm. Pet'r's Ex. H at 1, Pet'r's Ex. I at 1.

Accordingly, the undersigned finds that the September 24, 2011 flu vaccination was administered to petitioner in her left arm. Respondent is hereby ORDERED to file a status report by **Monday, June 2, 2014**, regarding whether she believes that any medical records remain outstanding. Respondent shall also state whether she wishes to engage in settlement negotiations and, if she does not, she shall propose a date on which to file a Rule 4 Report.

Any questions regarding this Ruling may be directed to my law clerk, Meg Beardsley, at (202) 357-6385 or at Meg_Beardsley@ao.uscourt.gov.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master