# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed:  June 3, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * ** | | UNPUBLISHED |
| RAITHE PACE, | * | |
| | * | No. 13-1007V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Influenza ("Flu") |
| AND HUMAN SERVICES, | * | Vaccine; Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"); Conceded. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * ** | | |

<u>Maximillian J. Muller</u>, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
<u>Traci R. Patton</u>, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED RULING ON ENTITLEMENT[1]

      On December 19, 2013, Raithe Pace ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she suffered from a left shoulder injury that had been caused-in-fact by an influenza ("flu") vaccine administered to her on September 24, 2011.  <u>See</u> Petition ("Pet.") at 1.

      On May 2, 2014, in response to petitioner's Motion for Judgment on the Administrative Record Regarding the Location of Vaccination, the undersigned issued a Ruling Regarding Finding of Fact ("Fact Ruling").  The undersigned concluded that petitioner had proven, by a

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 <u>et seq</u>. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

preponderance of the evidence, that the September 24, 2011 flu vaccination had been administered to petitioner in her left arm.  Fact Ruling at 3.

On June 2, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she states that she believes petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA").  Respondent's Report at 4.  Based on the medical records that have been filed, respondent believes that petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.  Id.  Respondent clarifies that her concession regarding damages is limited to petitioner's SIRVA "and its related sequelae."  Id.

In view of respondent's position and of the undersigned's review of the entire record, see § 300aa-13(a)(1), the undersigned finds that petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine.  42 C.F.R. § 100.3(a)(XIV); Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274 (Fed. Cir. 2005).  A separate damages order will issue.

**IT IS SO ORDERED.**

            s/Nora Beth Dorsey
            Nora Beth Dorsey
            Special Master